```
UNITED STATES DISTRICT COURT                         USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                        DOCUMENT
------------------------------------------------------------X   ELECTRONICALLY FILED
VANDYKE JOHNSON,                                     DOC #:
                                                     DATE FILED: 10/10/2018
                    Plaintiff,
                                            17-CV-6184 (VEC)
        -against-
                                            ORDER ADOPTING REPORT &
NEW YORK UNIVERSITY; TRUSTEES OF               RECOMMENDATION
NEW YORK UNIVERSITY; ANDREW D.
HAMILTON, in his official and individual
capacity; CYNTHIA PEREZ, in her official and
individual capacity; and TERESA GARGIULO,
in her official and individual capacity;

                    Defendants.
------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Vandyke Johnson, *pro se*, sued Defendants New York University ("NYU"); NYU President Andrew Hamilton; NYU's Trustees; the Director of Admissions at NYU's School of Professional Studies ("SPS"), Cynthia Perez; and SPS's Director of Student Affairs, Teresa Gargiulo, alleging a range of discrimination and retaliation claims related to his expulsion from NYU in 2007 and his denied application for readmission in 2017. *See* Complaint [Dkt. 2]; Report and Recommendation ("R&R") [Dkt. 61] at 1. On October 31, 2017, this case was referred to Magistrate Judge Gabriel Gorenstein. Order of Reference to a Magistrate Judge [Dkt. 6].

On May 8, 2018, Defendants filed a motion to dismiss. *See* Notice of Motion to Dismiss [Dkt. 46]; Memorandum of Law in Support of Motion to Dismiss ("Mem.") [Dkt. 47]. On August 20, 2018, Magistrate Judge Gorenstein issued a report recommending that Defendants' motion to dismiss be granted with regard to Plaintiff's federal claims, and that the Court decline to exercise supplemental jurisdiction as to the state law claims. *See* R&R.

1

Plaintiff objected to the Magistrate Judge's R&R, *see* Plaintiff's Objections to the Report and Recommendation ("P. Obj.") [Dkt. 62], and Defendants responded, *see* Defendant's Response to Plaintiff's Objections to the Report and Recommendation ("D. Obj. Response") [Dkt. 63]. Plaintiff requested permission to file a "sur-reply," and he attached his proposed response. *See* Plaintiff's Reply to Defendants' Responses to His Objections to the Report and Recommendation ("P. Obj. Reply") [Dkt. 65].

For the following reasons, the Court overrules Plaintiff's objections and ADOPTS the R&R in full.

I. **BACKGROUND**[1]

The Court refers the reader to the R&R's excellent and detailed recitation of the factual background in this case. For the purposes of this Order, the Court summarizes only the most pertinent facts.

Johnson, an African-American male, alleges that while he was enrolled at NYU in 2006, he was falsely accused of larceny by an NYU Public Safety Officer and arrested by the New York Police Department. R&R at 2–3. Although Johnson was acquitted on the criminal charges, NYU expelled him following a disciplinary hearing. *Id*. at 3. Johnson did not attend the disciplinary hearing because he did not believe it would be fair. *Id*. In 2008, he filed a federal lawsuit alleging, *inter alia*, false arrest. *Id*. The Defendants in that earlier case were different from the Defendants in this case. *Id*. at 3 n.4. The federal claims in that suit were dismissed. *Id*. at 3–4. The court declined to exercise jurisdiction over the state law claims, which Plaintiff did not subsequently pursue. *Id*. at 4.

---

[1] The Court relies on the facts as set forth in the R&R. Plaintiff did not object to the Magistrate Judge's recitation of the facts. *See* P. Obj.

This lawsuit follows Plaintiff's unsuccessful attempt in early 2017 to be readmitted to NYU. R&R at 4. During the course of the application process, Defendant Gargiulo informed Plaintiff that NYU no longer had his academic file because seven years had elapsed since his expulsion. *Id*. Plaintiff was denied readmission in an email from Defendant Perez on June 8, 2017. *Id*. Plaintiff asserts that Defendants knew he had been falsely accused and that the disciplinary hearing had been biased against him, and he asserts that Defendants retaliated against him by denying him readmission. *Id*. Johnson also alleges that NYU has a history of discriminating on the basis of race and acting in a retaliatory fashion, noting that several lawsuits have been filed against NYU for discrimination and retaliation involving race and ethnicity. *Id*. He further alleges that NYU has previously allowed white male students to study at NYU after committing crimes, namely rape, killing an albatross, and sexual abuse. *Id*. at 4–5. "According to Johnson, these examples show that if Johnson had been white, he would have been readmitted to NYU." *Id*. at 5.

Johnson filed this suit on August 15, 2017, asserting a range of federal and state claims, including that Defendants discriminated against him in handling the larceny allegations in 2006 and 2007 and in refusing to readmit him in 2017. R&R at 5. The Defendants moved to dismiss on a number of grounds, including that they were untimely served, that the claims arising from the disciplinary hearing are barred by the statute of limitations and his earlier lawsuit, and that he failed to state a claim as to each cause of action. *Id*. at 7. They also urged the court to decline to exercise supplemental jurisdictional over the state law claims should it find dismissal of the federal claims appropriate. *Id*. *See also* Mem.

The R&R first recommends rejecting the Defendants' argument based on failure to serve, noting that, because Johnson is proceeding *in forma pauperis*, the U.S. Marshals were

3

responsible for effecting service. R&R at 8. Accordingly, Johnson established good cause for failing to comply with the 90 day service requirement in Federal Rule of Civil Procedure 4(m). *Id*. Next, the R&R recommended dismissing Plaintiff's claims to the extent they arise from allegations relating to the 2006–07 accusation, investigation, disciplinary hearing, and expulsion, as those claims are barred by the applicable statutes of limitations. *Id*. at 8–9.

The R&R next discusses Plaintiff's federal claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000d, the latter of which is also known as Title VI of the Civil Rights Act. *See* R&R at 10–18. The Magistrate Judge lays out the applicable legal framework and concludes that Johnson's allegations are so conclusory that he must allege some factual basis from which the court could infer that he was denied readmission because of his race or sex, or in retaliation for protected activity. *Id*. at 10–14. The R&R finds that Johnson "makes no non-conclusory allegation that the defendants denied his application for readmission based on his sex," *id*. at 14, and, as to racial discrimination, finds that Plaintiff was not similarly situated to the white males alleged to be comparators because none of them had been previously expelled by NYU. *Id*. at 14–15. Accordingly, the comparator allegations do not support an inference of discrimination. *Id*. at 15. The Magistrate Judge also finds that the race discrimination allegations could not be supported by the proffered evidence of other lawsuits against NYU because none of them involved NYU's disciplinary, admissions, or readmissions policies, and none sheds light on whether a discriminatory motive existed in this case. *Id*. at 15–16. The Magistrate Judge also recommends rejecting the retaliation aspect of Plaintiff's claims because Plaintiff did not allege any facts suggesting a causal connection between the filing of his 2008 lawsuit and the denial of his application for readmission. *Id*. at 16–17. "In sum, Johnson has failed to allege facts supporting a minimal inference of discrimination. He has thus failed to state a plausible claim for relief

regarding his claims of discrimination on the basis of race and sex, and on his retaliation claim. His claims under Title VI and § 1981 should therefore be dismissed." *Id*. at 17–18.

Finally, the R&R recommends the Court not exercise supplemental jurisdiction over the state law claims, as the court lacks original jurisdiction over those claims and the case is in its early stages. R&R at 18–19. Thus, the R&R recommends that Defendants' motion be granted. *Id*. at 19.

Plaintiff objects to the R&R on five grounds.[2] First, he argues that the Magistrate Judge did not consider that his academic record qualified him for readmission. P. Obj. at 2–3. Second, he argues that the Magistrate Judge did not consider that the NYU Defendants admitted not maintaining his old school records. *Id*. at 3. Third, he argues that the Magistrate Judge did not consider the affidavit of SPS's former Dean, Dennis Di Lorenzo (but appears also to argue that it should not be considered and should be declared inadmissible). *Id*. Fourth, he argues that the Magistrate Judge was too stringent in comparing his claims to the circumstances of the white male students who were allowed to attend NYU and contends that he was "similarly situated in all material respects" to these other students. *Id*. at 4–5. Finally, Plaintiff appears to argue that it is not fair that he is precluded from arguing the unfairness and impropriety of the disciplinary hearing due to the statutes of limitations, while the Defendants can use the hearing "as a sword." *Id*. at 5–6.

The Defendants responded to each of Plaintiff's objections.[3] *See* D. Obj. Response.

---

[2]     Plaintiff's Objection begins with a list of seven bullet-point objections, but goes on to articulate only five objections in the body of his submission. *See* P. Obj.

[3]     Plaintiff sought permission to submit a response to Defendants' objections. *See* P. Obj. Reply. That response largely recycles Plaintiff's original objections, although he appears to have reversed his position regarding the Di Lorenzo Affidavit. *See id*. In his putative response, he argues that the Di Lorenzo Affidavit "should have been considered," and he also introduces a new argument that, under New York state law, his claims constitute a "continuing violation" that would nullify the statute of limitations arguments. *Id*. at 3–4, 5.

5

For the following reasons, the Court overrules Plaintiff's objections and ADOPTS the R&R in full.

## II. DISCUSSION

### a. Legal Background

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no timely objection is made to a magistrate judge's report, a district court may adopt the report unless a "clear error on the face of the record" is present. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)) (internal quotation marks omitted). Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2)–(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)). To warrant *de novo* review, the objections must be "specific and . . . address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). If "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [magistrate judge's report and recommendations] for clear error." *Id*.

In general, the objections of *pro se* parties are construed liberally and are "read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation

must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Machicote v. Ercole*, No. 06-CV-13320 (DAB), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, 09-CV-1651 (CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 10, 2010)).

### b. The Court Overrules Plaintiff's Objections as to the Matters the Magistrate Judge Did Not Consider

The Court first addresses Plaintiff's objections that the Magistrate Judge failed to consider his qualifications for readmission, the school's failure to maintain his academic records, and the Di Lorenzo Affidavit. *See* P. Obj. at 2–3. None of these objections is aimed at particular findings or recommendations in the R&R, so clear error review is warranted. As to these objections, the R&R is not clearly erroneous.

Even upon *de novo* review, these objections are without merit. The R&R properly laid out the applicable legal standards for considering Defendants' motion and evaluating Plaintiff's claims, which include focusing on the allegations as pleaded by Plaintiff in his Complaint, and assessing whether, *inter alia*, Plaintiff's alleged circumstances were sufficiently similar to those of others whom Defendants treated differently, and whether there was any alleged connection between his 2008 lawsuit and his denied application for readmission that would support a claim of retaliation. *See* R&R at 6–18. The Court did not consider whether Plaintiff met the eligibility criteria for readmission or whether NYU had improperly misplaced his records because those facts, even if true, are not relevant to the legal standards his claims were required to meet. The Magistrate Judge also properly declined to consider the Di Lorenzo Affidavit, as it was not attached to this motion, and the Magistrate Judge properly declined to consider any of Defendants' affidavits or convert the motion to dismiss to one for summary judgment. *See* R&R

7

at 2 n.2; D. Obj. Response at 5.[4] Accordingly, because these additional "considerations" raised in Plaintiff's objections are irrelevant to the legal viability of his claims, the Magistrate Judge was correct not to consider them; Plaintiff's first three objections are overruled.

### c. The Court Overrules Plaintiff's Objection to the R&R's Recommendation Regarding the Similarity *vel non* of the Alleged Comparators

The Court next addresses Plaintiff's objection to the portion of the R&R that compared his allegations to the circumstances of the three white males to whom the Complaint points as comparators. Because this objection is sufficiently specific, the Court's review is *de novo*.

In the R&R, the Magistrate Judge noted that, when plaintiffs rely on disparate treatment evidence to support an inference of discrimination, they must show that they are "similarly situated in all material respects" to those with whom they compare themselves, R&R at 15 (quoting *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)) (internal quotation marks omitted), and that there needs to be "a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases . . . ." *Id*. (quoting *Graham*, 230 F.3d at 40) (internal quotation marks omitted). The Magistrate Judge then found that, in comparing Plaintiff's claims to the white male comparators, even "drawing all reasonable inferences in Johnson's favor," [the Magistrate Judge could not] reasonably infer discrimination." *Id*. "Most importantly, none of the asserted

---

[4] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12. "The ultimate decision of whether to convert a Rule 12(b)(6) motion into a Rule 56 motion is discretionary." *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 357 (S.D.N.Y. 2016) (citation omitted), reconsideration denied, No. 12-CV-1968, 2016 WL 4399325 (S.D.N.Y. Aug. 17, 2016). *See also Jiles v. Rochester Genesee Reg'l Transportation Auth.*, 317 F. Supp. 3d 695, 702 (W.D.N.Y. 2018) ("Whether the Court should convert or decide the motion to dismiss on the pleadings alone is a discretionary decision.") (citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)). The Court agrees that conversion of Defendants' motion to one for summary judgment was not appropriate.

comparators were students who had previously been expelled by NYU. There is obviously an enormous difference between an applicant presenting himself to an educational institution who has actually been expelled by that same institution because of a particular crime and an individual who has committed a crime but seeks admission for the first time or who has been given only a suspension previously for that crime. Accordingly, the comparator allegations do not support an inference of discrimination." *Id*.

Plaintiff contends that the "Magistrate Judge ruling is overly stringent" in assessing the necessary level of similarity required for a plaintiff to make a discrimination claim based on disparate treatment. *See* P. Obj. at 4 (quoting *Graham*, 230 F.3d at 40). Plaintiff suggests that the Magistrate Judge should have compared the "punishment dished out by the NYU Defendants" rather than focus on whether the comparators had also been expelled, and cites case law for claims involving disparate *disciplinary* treatment. *Id*. (citation omitted). He complains that "he was subject to more scrutiny in reapplying [than] the white students who committed serious and violent crimes." *Id*. at 5. Plaintiff does acknowledge that the Magistrate Judge correctly noted that he was expelled while the white students were not. *Id*.

Defendants argue that the Magistrate Judge appropriately applied the "similarly situated in all material respects" standard by recognizing that Plaintiff's expulsion was a material aspect of the circumstances surrounding NYU's decision not to readmit him. *See* D. Obj. Response at 6. They contend that Plaintiff misreads the case law by focusing on the conduct at issue and the punishment imposed, when instead the law "requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases . . . ." *Id*. at 7 (quoting *Graham*, 230 F.3d at 40) (internal quotation marks omitted). Defendants note that the severity of Plaintiff's punishment is not at issue because claims based on his expulsion are time-barred. *Id*. Further,

9

none of the purported comparators is a student who sought admission following expulsion. Because the facts and circumstances of the comparators' cases are not similar to Plaintiff's, Plaintiff cannot raise any inference of bias based on those comparisons. *Id*.

The Court agrees with the analysis in the R&R. All parties acknowledge that Plaintiff was expelled and then sought readmission while the proposed comparators were never expelled. The parties agree on the applicable legal standard from *Graham*,[5] but they disagree on its application. It is obvious that an individual's previous expulsion would be a material circumstance in deciding whether the person should be readmitted to an institution of higher learning. Thus, Plaintiff's circumstances are not sufficiently similar in all material respects to those of the proposed comparators, and the Court cannot draw an inference of discrimination based on the alleged disparate treatment of Plaintiff as compared to the students on whose cases he relies. Accordingly, Plaintiff's objection is overruled.

### d. The Court Overrules Plaintiff's Objection Regarding the Statutes of Limitations

The Court next addresses Plaintiff's fifth objection, in which he appears to argue that it is not fair that he cannot make arguments about the disciplinary hearing due to the statutes of limitations.

---

[5] Although *Graham* involves claims under Title VII of the Civil Rights Act rather than Title VI, courts have looked to *Graham* when analyzing Title VI discrimination claims based on alleged disparate treatment and rely on its "similarly situated in all material respects" standard. *See, e.g.*, *Williams v. Pace Univ.*, 192 F. Supp. 3d 415, 422, 423 (S.D.N.Y. 2016) (quoting *Graham*, 230 F.3d at 38, 39); *Patterson v. City Univ. of New York*, No. 12-CV-6300 ARR LB, 2014 WL 3511048, at *5 (E.D.N.Y. July 14, 2014) (quoting *Graham*, 230 F.3d at 39); *Koumantaros v. City Univ. of New York*, No. 03-CIV-10170-GEL, 2007 WL 840115, at *10 (S.D.N.Y. Mar. 19, 2007) (quoting *Graham*, 230 F.3d at 39).

The same is true for § 1981 cases, which also employ *Graham*'s standard. *See, e.g.*, *Assue v. UPS, Inc.*, No. 16-CV-7629 (CS), 2018 WL 3849843, at *13 (S.D.N.Y. Aug. 13, 2018) (quoting *Graham*, 230 F.3d at 39, 40); *Fletcher v. ABM Bldg. Value*, No. 14 CIV. 4712 (NRB), 2018 WL 1801310, at *10 (S.D.N.Y. Mar. 28, 2018) (quoting *Graham*, 230 F.3d at 39, 40); *Estevez v. S & P Sales & Trucking LLC*, No. 17 CIV. 1733 (PAE), 2017 WL 5635933, at *2 (S.D.N.Y. Nov. 22, 2017) (quoting *Graham*, 230 F.3d at 39, 40).

In the R&R, the Magistrate Judge found that "the applicable statutes of limitations preclude any claims arising from the accusations and disciplinary actions taken against Johnson in 2006 and 2007, given that this lawsuit was filed in 2017." R&R at 9 (citations omitted). *See also* Default Judgment Opinion and Order, April 3, 2018 [Dkt. 39] at 13 (citations omitted).

Plaintiff's objection is not entirely coherent. He appears to concede the applicability of the statutes of limitations: "Plaintiff was well aware [that] the statute of limitations passed on the past acts the Defendant, New York University[,] did in the past." P. Obj. at 5; "The issue before the court is whether the Plaintiff was denied re-admittance because of race and bias from the Defendants in the past year of 2017." *Id.*; "[B]ecause of the statute of limitations, the Plaintiff is barred from re-litigation an issue that's false, but the NYU Defendants [are] free to use the disciplinary proceeding as a bar against the Plaintiff." *Id.* at 6. He laments that he cannot invoke the disciplinary hearing in this suit while the Defendants can use it "as a sword," and then raises various challenges to the disciplinary hearing. *Id.*

Defendants argue that "there is no question that Plaintiff's challenges to the events surrounding his expulsion from NYU in 2007 are time-barred by any potentially applicable statutes of limitation because he did not file this action until 2017." D. Obj. Response at 8. Plaintiff's putative reply introduces an additional twist on his objection, as he attempts to invoke a "continuing violation" state law doctrine, which he appears to believe would allow him to circumvent the statutes of limitation and challenge the events of 2006 and 2007. P. Obj. Reply at 4–5.

The Court generously construes Plaintiff's meandering objection as a challenge to the R&R's recommendation that his claims be dismissed as to any arguments based on the disciplinary hearing and related events because of the applicable statutes of limitation. The

11

Court will review this objection *de novo*. It is clear to the Court that, for the reasons stated by the Magistrate Judge, the statutes of limitations preclude Johnson from making claims based on the events of 2006 and 2007, and the fairness and propriety of those events are legally irrelevant to his claims regarding NYU's refusal to readmit him. *See* R&R at 8–9. Nor is it clear to the Court how exactly the Defendants are using the disciplinary hearing as a sword in this case, notwithstanding that it appears Plaintiff's expulsion was, not unsurprisingly, a consideration in the Defendants' decision on his application for readmission.

Even considering the prospective Reply and Plaintiff's invocation of a "continuing violation" doctrine—for which he invokes state, rather than federal, law—Plaintiff's argument fails. He advances no explanation for how exactly the events from ten years ago (the disciplinary hearing and resulting expulsion) are connected to his denied readmission through some continuous practice and policy of discrimination. "Under the continuing-violation doctrine, if a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it. . . . Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify, and are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 574 (S.D.N.Y. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–15 (2002); *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)) (internal quotation marks omitted).[6] Here, Plaintiff has made no allegations of an ongoing discriminatory

---

[6] "Notably, the courts of this Circuit have generally been loath to invoke the continuing violation doctrine and will apply it only upon a showing of compelling circumstances." *Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 582 (S.D.N.Y 2017) (quoting *Little v. Nat'l Broad. Co.*, 210 F. Supp. 2d 330, 366 (S.D.N.Y. 2002)) (internal quotation marks and alteration omitted).

policy. His expulsion and denied readmission are analogous to a termination and a refusal to rehire, respectively, which, as described above, are discrete events of alleged discrimination. Nothing in Plaintiff's claims suggests there was a continuing violation.

In all, it is clear that any claims based on the events in 2006 and 2007 are time-barred, and Plaintiff's last-ditch attempt to invoke the continuing violation doctrine is merely a vehicle for him to relitigate claims that, as he himself concedes, he legally cannot. This objection is overruled.[7]

### e. The Remainder of the Report and Recommendation is Not Clearly Erroneous

After carefully reviewing the remaining portions of the R&R and the relevant materials on the docket, the Court concludes that nothing in the balance of Magistrate Judge Gorenstein's thorough and well-reasoned analysis is clearly erroneous, including the recommendation that this Court decline to exercise supplemental jurisdiction over the state law claims. Therefore, the Court adopts the R&R in its entirety. For the same reasons set forth therein, Defendant's motion to dismiss is granted.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in its entirety. Accordingly, Plaintiff's motion to dismiss is GRANTED without prejudice. The Clerk of Court is instructed to terminate Docket Entry 46.

Plaintiff may seek leave to amend his complaint by October 26, 2018. In doing so, he must attach the proposed amended complaint to his motion, and his motion should address how the proposed amended complaint resolves the deficiencies that the Court and R&R have

---

[7] The Court need not decide whether it was appropriate for Plaintiff to file a reply to the Defendants' responses to his objections because, even if considered, his reply would not change the Court's conclusions.

identified.  If Plaintiff does not seek leave to amend by October 26, 2018, the Court will dismiss the case.

**SO ORDERED.**

Date:  October 10, 2018
      New York, New York

_____
      **VALERIE CAPRONI**
      **United States District Judge**